SAMUEL EDWARDS, Admr., &c., *v.* THE FLATBOAT BLACKSMITH.

ATTACHMENT: AGAINST STEAMBOATS, &c.: SURPLUSAGE IN AFFIDAVIT.—If the affidavit for an attachment process against a steamboat or other water craft, state the indebtedness to the plaintiff to be "for and on account of such

water craft and owners," it will be sufficient. The words "and owners," are at most but surplusage, and do not show that the claim or indebtedness was not on account of the business of the boat.

IN error from the Circuit Court of Warren county. Hon. J. S. Yerger, judge.

Peter Mackell, the intestate of the plaintiff in error, procured an attachment to be issued and levied on the flatboat Blacksmith. The owner of the boat gave a replevy bond, and afterwards moved the court to quash the writ of attachment, which motion the court sustained. The affidavit made by the plaintiff below, as the foundation of these proceedings, was as follows :

"State of Mississippi, Warren County, *ss.*

"Personally appeared before me, Lawrence S. Houghton, a justice of the peace in and for said county, Peter Mackell, who being duly sworn, saith that he has a right of action against the owner or other persons interested in the flatboat, a blacksmith boat, now lying in the navigable waters of the State of Mississippi; and that the liability of the owner or other persons interested in said flatboat, for and on account of said right of action, amounts to the sum of sixty-five dollars, to the best of his knowledge and belief, for and on account of said flatboat and owners.

"PETER MACKELL.

"Sworn to and subscribed before me, this 21st day of March, A. D. 1855.

"L. S. HOUGHTON, J. P."

From the judgment of the court below, quashing the attachment, the plaintiff sued out the writ of error.

*C. L. Buck,* for the plaintiff in error,
Cited, Hutch. Dig. pp. 288 and 290; *Lum* v. *Steamboat Buckeye,* 2 Cushm. 564.

*Marshall* and *Miller,* for the defendant in error.

FISHER, J., delivered the opinion of the court.

The court below quashed the attachment, as it is alleged by counsel, on the ground that upon the affidavit, it is uncertain whether the claim is asserted on account of services rendered on account of the business conducted on the boat, or on account of some other matters connected with the business of the owners of the boat. The language of the affidavit is, that the plaintiff has a right of action against the owners or other persons interested in the flatboat; that it amounts to sixty-five dollars "for and on account of said flatboat and owners." It is objected that the last words, "and owners," render the affidavit uncertain, as they may have reference to some other claim against the owners, disconnected with the boat. We do not agree with this position. If the words have any meaning at all as used in the affidavit, we must look to the whole affidavit, to arrive at such meaning. But we cannot see that they are important in any respect, either in adding to the certainty of the affidavit, or in rendering it uncertain. They are at most merely surplusage.

Judgment reversed, and cause remanded.